(No. 76-CC-1803—

JOANNE FUTRELL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 18, 1979.—Case dismissed on rehearing November 18, 1981.*

CORNFIELD & FELDMAN (GAIL MROZOWSKI, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (PAUL SENGPIEHL, Assistant Attorney General, of counsel), for Respondent.

Polos, C.J.

This cause is before the Court on the motion of Claimant for reconsideration of an order dismissing this cause. That order was entered on Respondent's motion when Claimant failed to respond thereto. Claimant has advanced reasonable grounds for not responding to the motion, and we accordingly vacate our prior order of dismissal, and will consider Respondent's motion on the merits.

Claimant, a State employee, has alleged that she was classified in, and paid for, a position which was lower than the classification for the work she was actually performing. She filed a grievance with the Department of Mental Health, and a formal hearing was convened. During the course of the hearing, a settlement agreement was reached. That agreement provided that Claimant was to be reallocated to a Mental Health Specialist I, and that she was to receive back pay as a Mental Health Technician II from August 1, 1972, to August 1, 1973, and as a Mental Health Technician III from August 1, 1973, to August 1, 1975.

Respondent bases its motion to dismiss upon section 9 of the Finance Act (Ill. Rev. Stat. 1975, ch. 127, par. 145), which provides:

"Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, which payments would constitute in fact an additional payment for which remuneration had already been made, except that wage payments made pursuant to the application of the prevailing rate principle or based upon the effective date of a collective bargaining agreement between the State, or a State

agency and an employee group shall not be construed as an additional payment for work already performed."

Claimant argues that the foregoing statute has no application to the case at bar, as it was intended to prevent fraudulent undertakings to increase compensation of persons already fully paid for the services they performed for the State of Illinois. Claimant argues that in this case she was not fully paid for the services which she actually performed for the State of Illinois.

However, this Court is bound to give effect to the plain meaning of a statute. Section 9 of the Finance Act is a clear and unequivocal prohibition against any additional payments "for work already performed" for payroll periods "for which remuneration had already been made." The statute provides amounts paid to State employees for services rendered shall be considered as full payments for *all services* rendered for that payroll period. There are but two exceptions to this general prohibition: retroactive payments to tradesmen who are paid in accordance with the pay scale prevailing in the geographic area of their employment, and claims for retroactive pay based upon the effective date of a collective bargaining agreement.

Clearly, both of these exceptions relate to union-negotiated wage scales, and were enacted for the purpose of overcoming the time lag inherent in applying newly negotiated wage scales at the appropriate effective date.

The history of the Finance Act lends support to a strict construction of its provisions. The Act was passed in 1919, and until August, 1967, there were no exceptions to the blanket prohibition against retroactive wage payments. In 1967, the exceptions relating to union-negotiated wage scales were added. The Act was amended on at least one other occasion, but the legislature kept intact

the prohibition against payments of additional sums for work already performed.

This Court has constantly held that the statute prohibited further payment to a State employee for work already performed, where the employee had accepted a payroll warrant for the pay period in question. See *Hunter* v. *State*, 9 Ill. Ct. Cl. 1; *Novak* v. *State*, 10 Ill. Ct. Cl. 258; *Smith* v. *State*, 11 Ill. Ct. Cl. 374; *Hollander* v. *State*, 14 Ill. Ct. Cl. 40; *Clayton* v. *State*, 21 Ill. Ct. Cl. 321.

The absence of any legislative action to expand the amendments to the statute, during a period when this Court has held that the statute prohibited payment of additional sums for work already performed, raises a presumption that the Court's construction of the statute accurately reflected the intention of the legislature.

We must therefore conclude that section 9 of the Finance Act (Ill. Rev. Stat. 1975, ch. 127, par. 145) bars the instant claim.

For the foregoing reasons, the motion of Respondent to dismiss this claim is hereby granted, and this cause is dismissed.